79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ollie MCADAMS, Plaintiff-Appellant,
v.
The UNIVERSITY OF CINCINNATI, Department of Public Safety
Police Division; Rhonda Herbert; Timothy
Crawford, Defendants-Appellees.
 No. 95-3621.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1996.
 
 Before: KEITH, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Ollie McAdams appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McAdams filed his complaint and an amended complaint in the district court alleging that defendants conspired to deprive him of due process and equal protection in criminal proceedings and in related university expulsion proceedings. Plaintiff named the defendant University of Cincinnati police officers in their individual and official capacities and sought compensatory and punitive damages. Defendants moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that summary judgment for defendants be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation, granted summary judgment for defendants, and granted plaintiff leave to proceed in forma pauperis on appeal.
 
 
 3
 On appeal, plaintiff contends that the district court erroneously concluded that: (1) the defendant police officers are entitled to Eleventh Amendment immunity; (2) plaintiff did not state a claim for relief cognizable under § 1985(3); and (3) plaintiff is estopped from asserting a claim based upon false arrest unless his criminal convictions are invalidated. Defendants respond that plaintiff's claims on appeal are without merit and that the district court's judgment was proper. Upon consideration, the judgment of the district court is affirmed essentially for the reasons stated in this magistrate judge's report and recommendation filed March 3, 1995, and in the district court's order adopting the report and recommendation filed April 19, 1995.
 
 
 4
 First, the defendant police officers are not "persons" subject to suit for money damages under § 1983 insofar as they are sued in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). In addition, plaintiff did not allege in the district court a conspiracy motivated by racial or other class-based invidious discrimination cognizable under § 1985(3). See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Finally, plaintiff cannot assert a claim under § 1983 to the extent that a judgment for plaintiff would necessarily imply the invalidity of his state court convictions because the convictions have not been invalidated. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.